UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

PATRICK PROCTOR,

                        Plaintiff,

v.                                                 9:05-CV-0692
                                                      (GTS/GJD)

CHARLES F. KELLY, JR, Correctional Captain;
GEORGE SEYFERT, Deputy Inspector General;
ROBERT T. MURPHY, Acting Director, Inmate
Disciplinary Program; LUCIEN J. LeCLAIRE, JR.,
Deputy Commissioner; GLENN S. GOORD,
Commissioner; GARY GREENE, Superintendent,

                        Defendants.
_____

APPEARANCES:                                        OF COUNSEL:

PATRICK PROCTOR, 89-A-9763
  Plaintiff, *Pro Se*
Great Meadow Correctional Facility
Box 51
Comstock, NY 12821-0051

HON. ANDREW M. CUOMO                    BRUCE J. BOIVIN, ESQ.
Attorney General for the State of New York      Assistant Attorney General
  Counsel for Defendants
The Capitol
Albany, NY 12224

GLENN T. SUDDABY, United States District Judge

## MEMORANDUM-DECISION and ORDER

       Plaintiff Patrick Proctor ("Plaintiff"), a New York State prison inmate, filed this *pro se* civil rights action, pursuant to 42 U.S.C. § 1983, against six (6) correctional officials employed by the New York State Department of Correctional Services ("DOCS"). Generally, in his Amended Complaint, Plaintiff alleges that Defendants violated his rights under the Eighth and

Fourteenth Amendments (and various state laws, rules and/or regulations).  Currently before the Court are Defendants' motion for summary judgment, Plaintiff's cross-motion for summary judgment, a Report-Recommendation that Defendants' motion be granted in its entirety (and that Plaintiff's cross-motion be dismissed), and Plaintiff's Objections thereto.  For the reasons set forth below, the Report-Recommendation is accepted, and Plaintiff's Amended Complaint is dismissed.

I.     BACKGROUND

   A.     Plaintiff's Claims

Generally, Plaintiff's Amended Complaint alleges that six employees of DOCS–(1) Charles F. Kelly, Jr., Correctional Captain, (2) George Seyfert, Deputy Inspector General, (3) Robert T. Murphy, Acting Director, Inmate Disciplinary Program, (4) Lucien J. LeClaire, Jr., Deputy Commissioner, (5) Glenn S. Goord, Commissioner, (6) Gary Greene, Superintendent ("Defendants") violated his rights under the Eighth and Fourteenth Amendments (and various state laws, rules and/or regulations) between approximately December 20, 2003, and July 7, 2004, while he was placed in administrative segregation in the Special Housing Unit ("S.H.U.") at Great Meadow Correctional Facility ("Great Meadow C.F.").  (*See* Dkt. No. 19, Prelim. Stmt. and ¶¶ 9, 24, 41-46 [Plf.'s Am. Compl.].)

More specifically, Plaintiff alleges that Defendants (1) deprived him of his right to procedural and substantive due process under the Fourteenth Amendment by failing to conduct a fair and impartial hearing during the December 20, 2003, proceeding that resulted in his placement in administrative segregation, and by failing to conduct meaningful periodic reviews

of his continued placement in administrative segregation,[1] (2) subjected him to cruel and unusual punishment under the Eighth Amendment by forcing him to live in the S.H.U., where the conditions were inhumane, and (3) deprived him of his liberty interests under New York State law, rules or regulations by conducting an administrative segregation hearing that was not impartial, and by failing to overturn the outcome of the hearing on appeal.  (*Id.*)

      **B.**      **Magistrate Judge's Report-Recommendation**

On December 18, 2007, Defendants moved for summary judgment, requesting the dismissal of Plaintiff's Amended Complaint in its entirety.  (Dkt. No. 93.)  The motion was referred to Magistrate Judge DiBianco for a Report-Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.3(c).  On February 7, 2008, Plaintiff cross-moved for summary judgment.  (Dkt. No. 98.)  On September 30, 2008, Magistrate Judge DiBianco issued a Report-Recommendation that the Court grant Defendants' motion and deny Plaintiff's cross-motion because of Plaintiff's failure to present an issue of material fact.  (Dkt. No. 104, at 27-29, 31-33, 39.)

Essentially, Magistrate Judge DiBianco's Report-Recommendation is based on two fundamental conclusions: (1) Plaintiff's due process claims should be dismissed because he has failed to adduce record evidence establishing that Defendants deprived him of any of the process he was due as an inmate facing administrative confinement for safety and security reasons (due to the fact that he had previously escaped from prison, among other reasons); and (2) Plaintiff's inadequate-prison-conditions claim should be dismissed because he has failed to adduce record

---

        [1]      The Court notes that Plaintiff's claim regarding periodic reviews was raised for the first time in his February 7, 2008 Memorandum of Law, more than two years after Plaintiff filed his Amended Complaint.  (Dkt. No. 98, Plf.'s Mem. of Law, at 10, 27-28)

evidence establishing that the conditions in S.H.U. denied him the minimal civilized measure of life's necessities, and that Defendants caused, and acted with the requisite state of mind with regard to, those conditions. (*Id.*)

    **C.**    **Plaintiff's Objections**

On October 10, 2008, Plaintiff filed Objections to the Report-Recommendation. (Dkt. No. 107.) The Objections, which are contained in twenty-five (25) single-spaced pages, present numerous arguments, some of which were never presented to Magistrate Judge DiBianco (and which are not accompanied by a showing of cause as to why the Court should excuse Plaintiff's failure to raise those arguments before Magistrate Judge DiBianco). (*Compare* Dkt. No. 107 [Plf.'s Obj.] *with* Dkt. No. 98, Part 4 [Plf.'s Memo. of Law].)[2]

Among Plaintiff's arguments are the following. First, argues Plaintiff, Defendant Kelly conducted Plaintiff's administrative segregation hearing on December 20, 2003, in a biased and arbitrary manner because (a) at the beginning of the hearing Defendant Kelly stated, "I have career goals, I have to go along with the program," (b) in reaching his decision he wrongfully considered certain materials (such as an Unusual Incident Report regarding Plaintiff's possession of a "filed nail clipper"), and (c) after the hearing he tampered with the tape recording of the hearing. (*Id.*) Second, argues Plaintiff, he was wrongfully subjected to double jeopardy when, on December 20, 2003, Defendant Kelly essentially subjected Plaintiff to a second term of administrative segregation based on the same evidence on which Plaintiff's first term of administrative segregation had been based. (*Id.*) Third, argues Plaintiff, he enjoyed a

---

    [2]    *Performance Autoplex II Ltd. v. Mid-Continent Cas. Co.*, 322 F,3d 847, 862 (5th Cir. 2003) [citation omitted].

4

substantive due process right in remaining free from administrative segregation. (*Id*.) Fourth, argues Plaintiff, he was deprived of his procedural due process right to receive periodic reviews of his placement in administrative segregation. (*Id*.) Fifth, argues Plaintiff, Defendant Goord was on constructive notice of the sort of problems that were occurring at the Great Meadow C.F. S.H.U. (due to various lawsuits and grievances that had been filed), and that his failure to correct those conditions constituted a violation of Plaintiff's Eighth Amendment rights. (*Id*.) Sixth, argues Plaintiff, Defendants are liable to him under New York State law, rules and/or regulations (which entitle him to a fair and impartial hearing officer, a recording of his administrative segregation hearing, and the expungement of certain material from his inmate record).

In addition, Plaintiff requests that certain information be redacted from Magistrate Judge DiBianco's Report-Recommendation and/or the record on Defendants' motion for summary judgment. (*Id*. at 9, 16.)

## II.  STANDARD OF REVIEW

When specific objections to a magistrate judge's Report-Recommendation are made, the Court makes a "*de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *See* 28 U.S.C. § 636(b)(1)(C).[3]

---

[3] On *de novo* review, "[t]he judge may . . . receive further evidence . . . ." 28 U.S.C. § 636(b)(1)(C). However, a district court will ordinarily refuse to consider arguments, case law and/or evidentiary material that could have been, but was not, presented to the Magistrate Judge in the first instance. *See, e.g., Paddington Partners v. Bouchard*, 34 F.3d 1132, 1137-38 (2d Cir. 1994) ("In objecting to a magistrate's report before the district court, a party has no right to present further testimony when it offers no justification for not offering the testimony at the hearing before the magistrate.") [internal quotation marks and citations omitted]; *Pan Am. World Airways, Inc. v. Int'l Bhd. of Teamsters,* 894 F.2d 36, 40, n.3 (2d Cir. 1990) (district court did not abuse its discretion in denying plaintiff's request to present additional testimony where plaintiff "offered no justification for not offering the testimony at the hearing before the magistrate").

When only general objections are made (or the party merely reiterates his original allegations or arguments), the Court reviews for clear error or manifest injustice. *See Brown v. Peters*, 95-CV-1641, 1997 WL 599355, at *2-3 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.) [collecting cases], *aff'd without opinion*, 175 F.3d 1007 (2d Cir. 1999).[4]  Similarly, when a party makes no objection to a portion of a Report-Recommendation, the Court reviews that portion for clear error or manifest injustice. *See Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) [citations omitted]; Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition [citations omitted].  After conducing the appropriate review, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C).

### III.    LEGAL STANDARD ON MOTION FOR SUMMARY JUDGMENT

Under Fed. R. Civ. P. 56, summary judgment is warranted if "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).  In determining whether a genuine issue of material fact exists, the Court must resolve all ambiguities and draw all reasonable inferences against the moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).  In addition, "[the moving party] bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the . . . [record] which it believes demonstrate[s] the absence of any

---

[4]     *See also Vargas v. Keane*, 93-CV-7852, 1994 WL 693885, at *1 (S.D.N.Y. Dec. 12, 1994) (Mukasey, J.) ("[Petitioner's] general objection [that a] Report . . . [did not] redress the constitutional violations [experienced by petitioner] . . . is a general plea that the Report not be adopted . . . [and] cannot be treated as an objection within the meaning of 28 U.S.C. § 636."), *aff'd*, 86 F.3d 1273 (2d Cir.), *cert. denied*, 519 U.S. 895 (1996).

genuine issue of material fact." *Celotex v. Catrett*, 477 U.S. 317, 323-24 (1986). However, when the moving party has met this initial responsibility, the nonmoving party must come forward with "specific facts showing a genuine issue [of material fact] for trial." Fed. R. Civ. P. 56(e)(2).

A dispute of fact is "genuine" if "the [record] evidence is such that a reasonable jury could return a verdict for the novmoving party." *Anderson*, 477 U.S. at 248. As a result, "[c]onclusory allegations, conjecture and speculation . . . are insufficient to create a genuine issue of fact." *Kerzer v. Kingly Mfg.*, 156 F.3d 396, 400 (2d Cir. 1998) [citation omitted]; *see also* Fed. R. Civ. P. 56(e)(2). As the Supreme Court has famously explained, "[The nonmoving party] must do more than simply show that there is some metaphysical doubt as to the material facts." [citations omitted]. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 585-86 (1986).

As for the materiality requirement, a dispute of fact is "material" if it "might affect the outcome of the suit under the governing law." *Anderson*, 477 U.S. at 248. "Factual disputes that are irrelevant or unnecessary will not be counted." *Id*. [citation omitted].

Finally, implied in the above-stated burden-shifting standard is the fact that, where a nonmoving party fails to adequately respond to a motion for summary judgment, a district court has no duty to perform an independent review of the record to find proof of a factual dispute, even if that nonmoving party is proceeding *pro se*.[5] This is because even *pro se* plaintiffs must

---

[5] *Amnesty Am. v. Town of W. Hartford*, 288 F.3d 467, 470 (2d Cir. 2002) [citations omitted]; *accord*, *Lee v. Alfonso*, No. 04-1921, 2004 U.S. App. LEXIS 21432 (2d Cir. Oct. 14, 2004), *aff'g*, 97-CV-1741, 2004 U.S. Dist. LEXIS 20746, at *12-13 (N.D.N.Y. Feb. 10, 2004) (Scullin, J.) (granting motion for summary judgment); *Fox v. Amtrak*, 04-CV-1144, 2006 U.S. Dist. LEXIS 9147, at *1-4 (N.D.N.Y. Feb. 16, 2006) (McAvoy, J.) (granting motion for

obey the Court's procedural rules.[6]  For example, this Court has often enforced Local Rule 7.1(a)(3) by deeming facts set forth in a moving party's statement to have been admitted where the nonmoving party has failed to properly respond to that statement,[7] even where the nonmoving party was proceeding *pro se* in a civil rights case.[8]

---

summary judgment); *Govan v. Campbell*, 289 F. Supp.2d 289, 295 (N.D.N.Y. Oct. 29, 2003) (Sharpe, M.J.) (granting motion for summary judgment); *Prestopnik v. Whelan*, 253 F. Supp.2d 369, 371-372 (N.D.N.Y. 2003) (Hurd, J.).

[6]    *See McNeil v. U.S.,* 508 U.S. 106, 113 (1993) ("While we have insisted that the pleadings prepared by prisoners who do not have access to counsel be liberally construed . . .  we have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel."); *Faretta v. California*, 422 U.S. 806, 834, n.46 (1975) ("The right of self-representation is not a license . . .  not to comply with relevant rules of procedural and substantive law."); *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 477 (2d Cir. 2006) (*pro se* status "does not exempt a party from compliance with relevant rules of procedural and substantive law") [citation omitted]; *Edwards v. I.N.S.*, 69 F.3d 5, 8 (2d Cir. 1995) ("[W]hile a *pro se* litigant's pleadings must be construed liberally, . . . *pro se* litigants generally are required to inform themselves regarding procedural rules and to comply with them.") [citations omitted]; *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983) ("[T]he right [to benefit from reasonable allowances as a *pro se* litigant] does not exempt [the *pro se*] party from compliance with relevant rules of procedural and substantive law.") [internal quotation marks and citations omitted].

[7]    Among other things, Local Rule 7.1(a)(3) requires that the nonmoving party file a response to the moving party's Statement of Material Facts, which admits or denies each of the moving party's factual assertions in matching numbered paragraphs, and supports any denials with a specific citation to the record where the factual issue arises.  N.D.N.Y. L.R. 7.1(a)(3).

[8]    *See, e.g.*, *DeMar v. Car-Freshner Corp.*, 49 F. Supp.2d 84, 86 & n.1 (N.D.N.Y. 1999) (McAvoy, C.J.) (*pro se* civil rights case); *Costello v. Norton*, 96-CV-1634, 1998 WL 743710, at *1, n.1 (N.D.N.Y. Oct. 21, 1998) (McAvoy, C.J.) (*pro se* civil rights case); *Squair v. O'Brien & Gere Eng'rs, Inc.*, 96-CV-1812, 1998 WL 566773, at *1, n.2 (N.D.N.Y. Aug. 21, 1998) (Scullin, J.) (*pro se* civil rights case); *see also Monahan v. N.Y. City Dep't of Corr.*, 214 F.3d 275, 292 (2d Cir. 2000) (discussing district courts' discretion to adopt local rules like 7.1[a][3], in *pro se* civil rights case).

### IV. ANALYSIS

#### A. Plaintiff's Procedural Due Process Claim Regarding the Administrative Segregation Hearing

Plaintiff filed an Objection to Magistrate Judge DiBianco's Report-Recommendation with regard to his procedural due process claim. As a result, the Court reviews that portion of the Report-Recommendation *de novo*. After carefully reviewing all of the papers regarding Defendants' motion for summary judgment, including Magistrate Judge DiBianco's Report-Recommendation and Plaintiff's Objections, the Court agrees with Magistrate Judge DiBianco, for the reasons stated in his Report-Recommendation, that Plaintiff has adduced no record evidence that his procedural due process rights were violated during the administrative segregation hearing. The Court would only add four points to Magistrate Judge DiBianco's thorough Report-Recommendation.

First, as Magistrate Judge DiBianco indicated in his Report-Recommendation, New York State law provides an inmate with more procedural protections than are required under the Fourteenth Amendment. (Dkt. No. 104, at 9-11.) *See also Withrow v. Taylor*, 9:05-CV-1129, 2007 WL 3274858, at *13 (N.D.N.Y. Nov. 5, 2007) (Hurd, J.). However, as Magistrate Judge DiBianco also recognized, "the fact that New York law provides [an] inmate with a full disciplinary-style hearing does not raise the constitutional requirements for administrative placement." *Withrow*, 2007 WL 3274858, at *13. For example, "Plaintiff has no federal right to the recording or electronic record of his disciplinary hearing." *Odom v. Kern*, 99-CV-10668, 2008 WL 2463890, at *10 (S.D.N.Y. June 18, 2008) [citations omitted].

Second, with regard to Plaintiff's assertion about the remark made by Defendant Kelly at the start of the hearing (i.e., "I have career goals, I have to go along with the program"), the

9

remark is insufficient to create a genuine issue of material fact as to whether Plaintiff was denied the process he was due at the hearing. For the sake of brevity, the Court will set aside the fact that asserted remark is so ambiguous and lacking in contextual explanation as to diminish its materiality. (*See*, *e.g.*, Dkt. No. 98, Part 6, ¶¶ 12, 14, 28, 31 [Plf.'s Affid.].)[9] In addition, the Court will set aside the fact that the asserted remark is so self-serving and unsupported by the other record evidence as to give it a conclusory quality.[10] What is more important is that, despite the remark, Defendant Kelly afforded Plaintiff numerous procedural rights, which included, but were not limited to the following: (1) substantial notice of the hearing; (2) the right to choose an assistant before the hearing; (3) the ability to have two witnesses interviewed; (4) notice of his rights during the hearing; (5) the ability to be present for the entire hearing; (6) wide latitude to argue and object during the hearing; (7) the opportunity to question Defendant Seyfert and Deputy Superintendent Carpenter at the hearing; (8) the opportunity to challenge evidence against him; (9) a deliberately and patiently conducted hearing; and (10) a written hearing determination that was supported by at least "some evidence." (Dkt. No. 104, at 14-28.)[11]

---

[9] *See Alicea v. Howell*, 387 F. Supp.2d 227, 235 (W.D.N.Y. 2005) (deeming immaterial the fact that, at start of disciplinary hearing, hearing officer admitted to having had previous conversation with plaintiff's hearing assistant, which caused hearing assistant to communicate veiled threat to plaintiff about filing complaints about the assistance provided to him); *see also Alicea v. Howell*, 03-CV-0650, Ex. N to Declaration of Wade Howell, Submitted in Support of Defendants' Motion for Summary Judgment, at 2-5 (W.D.N.Y. filed Dec. 31, 2004).

[10] *See Bunting v. Nagy*, 452 F. Supp.2d 447, 460-61 (S.D.N.Y. 2006) (deeming "conclusory" plaintiff's affidavit testimony that hearing officer began hearing by stating, "You look familiar," giving plaintiff a "knowing glare," and then stating, off the record, that "he was going to find plaintiff guilty and going to impose a stiff penalty because he had the previous one modified.").

[11] *Bunting*, 452 F. Supp.2d at 460-61 (finding no due process violation, despite assertedly biased remark by hearing officer, because "defendant made a substantial effort to

Third, with regard to Plaintiff's assertion that Defendant Kelly tampered with the disciplinary hearing tape, as the Southern District found in *Odom v. Kern*, "[t]here is no evidence in the record . . . of any tampering with the [disciplinary hearing] tape." *Odom*, 2008 WL 2463890, at *11 [citations and internal quotations omitted]. At most, Plaintiff has adduced evidence that the portion of a hearing tape was blank. Plaintiff has offered nothing but conclusory allegations, conjecture and/or speculation in support of his claim that it was Defendant Kelly who caused the portion of the tape in question to be blank (or that, even if he did so, he was acting recklessly as opposed to acting merely negligently).[12]

Fourth, Plaintiff's double-jeopardy argument is that (1) he spent more than nine years in administrative segregation as punishment for various offenses, and (2) because he "did his time" for these offenses, they should not be further considered as a reason to keep him in administrative segregation indefinitely. However, as noted in *Wojtkiewicz v. Gunter*, "[t]he Double Jeopardy Clause is limited to criminal prosecutions." *Wojtkiewicz v. Gunter*, 91-CV-2270, 1992 WL 313120, at *2 (D. Colo. Oct. 23, 1992) [citation omitted]. Since "[p]rison disciplinary proceedings are not criminal prosecutions[,] the full panoply of rights due a defendant in criminal proceedings do not apply." *Wojtkiewicz*, 1992 WL 313120, at *2 [citation

---

locate [a witness] on plaintiff's behalf . . . [and] plaintiff received notice of the charges against him and was allowed to present evidence and call witnesses in his defense. Defendant's finding of guilt is fully supported by 'some evidence' . . . .").

[12] *See Daniels v. Williams*, 474 U.S. 327, 331-33 (1986) (stating that "injuries inflicted by governmental negligence are not addressed by the United States Constitution" and rejecting § 1983 claim based on alleged due process violation under Fourteenth Amendment); *Riddick v. Modeny*, No. 07-1645, 2007 WL 2980186, at *2 (3d Cir. Oct. 9, 2007) ("The protections afforded prisoners by the Due Process Clause of the Fourteenth Amendment are not triggered by the mere negligence of prison officials.").


omitted].  As a result, "a rehearing is not actionable under the Double Jeopardy Clause."  *Id.* [citation omitted].

For all of these reasons, the Court adopts this portion of the Report-Recommendation, granting Defendants' motion for summary judgment with regard to this claim, and denying Plaintiff's cross-motion for summary judgment with regard to this claim.

> **B.    Plaintiff's Substantive Due Process Claim Regarding the Administrative Segregation Hearing**

Plaintiff filed an Objection to Magistrate Judge DiBianco's Report-Recommendation with regard to his substantive due process claim.  As a result, the Court reviews that portion of the Report-Recommendation *de novo*.  Plaintiff contends that Magistrate Judge DiBianco failed to consider "the substantive level" of his due process claim, which would have entitled him to relief under the Fourteenth Amendment.  (Dkt. No. 107, at 4 [Plf.'s Obj.].)  Even though the Court finds no error in Magistrate Judge DiBianco's analysis of Plaintiff's substantive due process claim, the Court will further discuss that claim out of special solicitude to Plaintiff.

The Due Process Clause of the Fourteenth Amendment contains both a substantive component and a procedural component.  *Zinernon v. Burch*, 494 U.S. 113, 125 (1990).  The substantive component "bars certain arbitrary, wrongful government actions regardless of the fairness of the procedures used to implement them."  *Zinernon*, 494 U.S. at 125 [internal quotations marks and citation omitted].  The procedural component bars "the deprivation by state action of a constitutionally protected interest in life, liberty, or property . . . *without due process of law*."  *Id*. at 125-26 [internal quotations marks and citations omitted; emphasis in original]. One of the differences between the two claims is that a substantive due process violation "is complete when the wrongful action is taken," while a procedural due process violation "is not

complete unless and until the State fails to provide due process" (which may occur *after* the wrongful action in question). *Id*. "Substantive due process protects individuals against government action that is arbitrary, . . . conscience-shocking, . . . or oppressive in a constitutional sense, . . . but not against constitutional action that is incorrect or ill-advised." *Lowrance v. Achtyl*, 20 F.3d 529, 537 (2d Cir. 1994) [internal quotations marks and citations omitted], *aff'g*, 91-CV-1196, Memorandum-Decision and Order (N.D.N.Y. Jan. 26, 1993) (DiBianco, M.J.) (granting summary judgment to defendants in inmate's civil rights action).

As stated in *Lowrance*, "[t]he first step in substantive due process analysis is to identify the constitutional right at stake." *Lowrance*, 20 F.3d at 537 [citation omitted]. Here, as in *Lowrance*, "the right allegedly violated was [Plaintiff]'s liberty interest in remaining free from administrative confinement unless a correction officer has reasonable grounds to believe that he poses a threat to the order, safety or security of the correctional facility." *Id*. (citing 7 N.Y.C.R.R. § 251-1.6[a]).

Once "the constitutional interest at stake" is identified, "[the Court] must . . . consider whether the state action–administrative confinement–was arbitrary in the constitutional sense and therefore violative of substantive due process." *Id*. Based on the record before Magistrate Judge DiBianco, the Court can find no evidence from which a rational fact finder could conclude that Plaintiff's administrative confinement was arbitrary in the constitutional sense. Rather, as indicated by Magistrate Judge DiBianco, Plaintiff's administrative confinement was based on, among other factors, his violent history both in prison and out of prison. Certainly, a violent history, as well as a history for disobeying orders, creates "at least the potential for disruption of the order and security of the prison." *Id*. With Plaintiff "having thus created a threat to the

security of the prison" by his conduct over the years, his subsequent administrative confinement resulting from the December 2003 proceeding "was not arbitrary or conscience-shocking in the constitutional sense." *Id.*[13]

For all of these reasons, the Court adopts this portion of the Report-Recommendation, granting Defendants' motion for summary judgment with regard to this claim, and denying Plaintiff's cross-motion for summary judgment with regard to this claim.

### C. Plaintiff's Procedural Due Process Claim Regarding Periodic Reviews

As an initial matter, the Court notes that Plaintiff appears to have asserted his procedural due process claim regarding periodic reviews for the first time in his Memorandum of Law dated February 7, 2008, nearly *two and a half years* after he filed an Amended Complaint on or about September 8, 2005, and nearly *one and a half years* after discovery closed in the action on October 30, 2006. (*Compare* Dkt. No. 98, Part 4, at 10, 27-28 [Plf.'s Memo. of Law] *with* Dkt. No. 19 [Plf.'s Am. Compl.] *and* Dkt. No. 31 [Pretrial Scheduling Order].) As a result, it appears that Defendants have conducted no discovery regarding the claim. For this reason alone, this claim is not properly before the Court, no matter how much special solicitude Plaintiff is

---

[13] The Court notes that, even if it found record evidence of a substantive due process violation having occurred, it could not find any record evidence that Defendants had committed such a violation recklessly. *See Hudson v. Palmer*, 468 U.S. 517, 531 (1984) ("[T]he Due Process Clause of the Fourteenth Amendment is not violated when a state employee negligently deprives an individual of property . . . ."); *Pena v. Deprisco*, 432 F.3d 98, 112 (2d Cir. 2005) ("In order to establish a violation of a right to substantive due process, a plaintiff must demonstrate not only government action but also that the government action was so egregious, so outrageous, that it may fairly be said to shock the contemporary conscience. . . .   [N]egligently inflicted harm is categorically beneath the threshold of constitutional due process.") [internal quotation marks and citations omitted].

afforded.[14] Nonetheless, in the interest of thoroughness, the Court will briefly address the merits of this claim.

As Magistrate Judge DiBianco explained his Report-Recommendation, in addition to being entitled to notice and the opportunity to be heard before placement in administrative segregation, an inmate is also entitled to periodic reviews of his confinement so that administrative segregation is not used for indefinite confinement of the inmate. (Dkt. No. 104, at 33 [citation omitted].) As this Court has previously recognized, "The periodic review can be informal and non-adversarial. These reviews do not require the presence of the accused and do not require the reviewer to always consider new information, since the original reasons for placing the inmate in [administrative segregation] may continue to be compelling." *Giano v. Selsky*, 91-CV-0166, 2002 WL 31002803, at *7 (N.D.N.Y. Sept. 5, 2002) (Kahn, J.) [internal quotation marks and citation omitted].

Of course, "if new relevant evidence becomes available following initial review of the inmate's administrative segregation, the decision-maker is obligated to consider that evidence during the periodic reviews." *Giano*, 2002 WL 31002803, at *7. In other words, if there is a *new* reason why the inmate is being kept in administrative segregation, "[t]he inmate is entitled to notice of the [changed] reason for his confinement and an opportunity to respond to that [changed] reason." *Giano*, 2002 WL 31002803, at *7 [citation omitted]. "If the reasons for his confinement do not change, however, the inmate need not be informed each time his confinement is reviewed." *Id*. Furthermore, an inadvertent denial of a periodic review does not

---

[14] In addition, the Court notes that Plaintiff has not alleged (in his Memorandum of Law) any specific deprivation of his right to periodic reviews (much less a deprivation caused by Defendants); rather, he has alleged only an entitlement to receive periodic reviews.

15

give rise to a due process violation.[15]  Nor does the mere violation of a New York State regulation or DOCS Directive requiring reviews with a specific frequency give rise to a due process violation.[16]  Here, the Court can find no evidence in the record that Plaintiff continued to remain in administrative segregation as a result of a new reason that arose after the date on which he was originally placed in administrative segregation.  Nor can the Court find any record evidence that Plaintiff's confinement is not being reviewed in some manner.

For all of these reasons, the Court adopts this portion of the Report-Recommendation, granting Defendants' motion for summary judgment with regard to this claim, and denying Plaintiff's cross-motion for summary judgment with regard to this claim.

### D. Plaintiff's Eighth Amendment Claim Regarding the Conditions in S.H.U.

As indicated above, Plaintiff filed an Objection to Magistrate Judge DiBianco's Report-Recommendation with regard to his Eighth Amendment claim.  As a result, this Court reviews that portion of the Report-Recommendation *de novo*.  After carefully reviewing all of the papers regarding Defendants' motion for summary judgment, including Magistrate Judge DiBianco's Report-Recommendation and Plaintiff's Objections, the Court agrees with Magistrate Judge

---

[15] As indicated above, negligence does not give rise to a procedural due process violation.  *See*, *supra*, note 9 of this Memorandum-Decision and Order [citing cases].

[16] This is because "[a] violation of a state law or regulation, in and of itself, does not give rise to liability under 42 U.S.C. § 1983." *Cabassa v. Gummerson*, 01-CV-1039, 2008 WL 4416411, at *6, n.24 (N.D.N.Y. Sept. 24, 2008) (Hurd, J.) [citation omitted].  "Furthermore, the violation of a DOCS Directive, alone, is not even a violation of [a] New York State law or regulation (much less a violation of  42 U.S.C. § 1983)." *Cabassa*, 2008 WL 4416411, at *6, n.24 [internal quotation marks and citations omitted].  "This is because [the use of] a DOCS Directive is merely a system the DOCS Commissioner has established to assist him in exercising his discretion, which he retains despite any violation of that Directive." *Id*. [internal quotation marks and citation omitted].

DiBianco, for the reasons stated in his Report-Recommendation, that Plaintiff has adduced no record evidence that his Eighth Amemdment rights were violated as a result of the conditions in S.H.U.  The Court would only add two points to Magistrate Judge DiBianco's thorough Report-Recommendation.

First, even assuming that Plaintiff has adduced record evidence establishing that his prison conditions were (when viewed together) sufficiently serious for purposes of the Eighth Amendment, the Court can find no record evidence that Defendants acted with a sufficiently culpable state of mind with regard to those prison conditions.  It must be remembered that "deliberate indifference describes a state of mind more blameworthy than negligence."[17]  Rather, deliberate indifference is a state of mind akin to *criminal recklessness*.[18]

Second, Plaintiff's constructive-notice argument is unpersuasive.  For example, neither of the two cases cited by Plaintiff (which were settled after the occurrence of the events giving rise

---

[17] *Farmer v. Brennan*, 511 U.S. 825, 835 (1994) ("[D]eliberate indifference [for purposes of an Eighth Amendment claim] describes a state of mind more blameworthy than negligence.").

[18] *Farmer,* 511 U.S. at 827 ("[S]ubjective recklessness as used in the criminal law is a familiar and workable standard that is consistent with the Cruel and Unusual Punishments Clause as interpreted in our cases, and we adopt it as the test for "deliberate indifference" under the Eighth Amendment."); *Hemmings v. Gorczyk*, 134 F.3d 104, 108 (2d Cir. 1998) ("The required state of mind [for a deliberate indifference claim under the Eighth Amendment], equivalent to criminal recklessness, is that the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists; and he must also draw the inference.") [internal quotation marks and citations omitted]; *Hathaway v. Coughlin*, 99 F.3d 550, 553 (2d Cir. 1996) ("The subjective element requires a state of mind that is the equivalent of criminal recklessness . . . .") [citation omitted]; *accord, Koehl v. Greene*, 06-CV-0478, 2007 WL 2846905, at *17, n.98 (N.D.N.Y. Sept. 26, 2007) (Kahn, J.), *Richards v. Goord*, 04-CV-1433, 2007 WL 201109, at *15, n.124 (N.D.N.Y. Jan. 23, 2007) (Kahn, J.), *Salaam v. Adams*, 03-CV-0517, 2006 WL 2827687, at *10, n.59 (N.D.N.Y. Sept. 29, 2006) (Kahn, J.).

to Plaintiff's Eighth Amendment claim in this case) conferred on Defendant Goord notice of the conditions in the S.H.U. at Great Meadow C.F. sufficient to personally involve him in the Eighth Amendment violation alleged by Plaintiff.  *See Anderson v. Goord*, 87-CV-0041, Stipulation and Protective Order (N.D.N.Y. filed July 28, 2005) (McCurn, J.); *Disability Advocates, Inc. v. N.Y.S. Office of Mental Health*, 02-CV-4002, Settlement Agreement (S.D.N.Y. filed Apr. 30, 2007) (Lynch, J.).  (Dkt. No. 107, at 17 [Plf.'s Obj.].)

For all of these reasons, the Court adopts this portion of the Report-Recommendation, granting Defendants' motion for summary judgment with regard to this claim, and denying Plaintiff's cross-motion for summary judgment with regard to this claim.

### E. Plaintiff's State Law Claim

Plaintiff appears to argue Magistrate Judge DiBianco also erred by failing to consider Plaintiff's separate state law claim.  (Dkt. No. 107, at 2, 4, 5, 8 [Plf.'s Obj.].)  Specifically, Plaintiff's state law claim appears to contain three related claims: (1) Defendants violated his right to a fair and impartial hearing officer under 7 N.Y.C.R.R. § 301.4(a); (2) Defendants violated his right to have his administrative segregation hearing recorded under 7 N.Y.C.R.R. §§ 254.5, 254.6(b); and (3) Defendants violated his right to have the reference to his possession of a filed nail clipper expunged from his inmate record, which right the Court should enforce pursuant to the doctrine of collateral estoppel.[19]  (*Id*.)

To the extent that Plaintiff is arguing that these state law violations give rise to any constitutional violations, the Court has already considered and rejected those claims in this

---

[19] *See Proctor v. Goord*, 801 N.Y.S.2d, 517 (N.Y.S. Sup. Ct., Albany County 2005) (holding that the DOCS Commissioner's decision not to expunge Unusual Incident Report regarding filed nail clipper and all references to the matter was arbitrary and capricious).

Memorandum-Decision and Order (and Magistrate Judge DiBianco's Report-Recommendation). To the extent that Plaintiff is arguing that these state law violations are themselves actionable in this proceeding, the Court declines to exercise supplemental jurisdiction over those claims under the circumstances. *See* 28 U.S.C. § 1367(c)(3); *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966); *Verley v. Goord*, 05-CV-1251, 2008 WL 4279498, at *16, n.35 (N.D.N.Y. Sept. 15, 2008) (Kahn, J., adopting Report-Recommendation) [citing cases].[20]

As a result, the Court dismisses Plaintiff's state law claim without prejudice.

### F.     Plaintiff's Request for Redaction

The Court denies Plaintiff's request that certain information be redacted from Magistrate Judge DiBianco's Report-Recommendation and/or the record on Defendants' motion for summary judgment, because that request is procedurally improper and unsupported by a showing of cause. (Dkt. No. 107, at 9, 16 [Plf.'s Obj.].)

**ACCORDINGLY**, it is

**ORDERED** that Magistrate Judge DiBianco's Report-Recommendation (Dkt. No. 104) is **ADOPTED** in its **ENTIRETY**; and it is further

**ORDERED** that Defendants' Motion for Summary Judgment (Dkt. No. 93) is **GRANTED**; and it is further

**ORDERED** that Plaintiff's Cross-Motion for Summary Judgment (Dkt. No. 98) is **DENIED**; and it is further

---

[20]     The Court would only note that the doctrine of collateral estoppel does not appear to apply under the circumstances. Among other things, Plaintiff sued Defendant Goord is his official capacity in his Article 78 proceeding, and he now sues Defendant Goord in his individual or personal capacity. *See Fletcher v. Goord*, 07-CV-707, 2008 WL 4426763, at *10 (N.D.N.Y. Sept. 25, 2008) (Sharpe, J.).

**ORDERED** that Plaintiff's Amended Complaint (Dkt. No. 19) is **DISMISSED**; and it is further

**ORDERED** that the Clerk of the Court shall serve a copy of this Order upon all parties and Magistrate Judge DiBianco.

Dated: December 16, 2008
       Syracuse, New York

_____
Hon. Glenn T. Suddaby
U.S. District Judge